**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NOLAND SHARPE** | **CIVIL ACTION** |
| | |
| **VERSUS** | **NO. 25-2553** |
| | |
| **STATE FARM MUTUAL AUTOMOBILE** | **SECTION: "G"(1)** |
| **INSURANCE COMPANY, et al.** | |

## ORDER AND REASONS

Before the Court is Plaintiff Noland Sharpe's ("Plaintiff") Motion to Remand.[1] Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes the motion.[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion and remands this case to the 29th Judicial District Court for the Parish of St. Charles.

## I. Background

On June 11, 2025, Plaintiff filed a Petition for Damages in the 29th Judicial District Court for the Parish of St. Charles, against Defendants State Farm and Johnny Vo.[3] Plaintiff alleges that on or about July 7, 2024, he was traveling east-bound on I-10, when he slowed his vehicle due to traffic congestion.[4] Thereafter, Plaintiff claims that "[s]uddenly and without warning, a vehicle owned and operated by Johnny Vo struck [Plaintiff's] vehicle, resulting in a motor vehicle

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 8.

[3] Rec. Doc. 1-1.

[4] *Id.*

accident."[5] Plaintiff alleges that he suffered injuries as a result of the accident, and that the "sole, proximate, and/or contributing cause of the accident" is the negligence of Johnny Vo.[6] Further, Plaintiff submits that at all material times State Farm provided uninsured motorist coverage to Plaintiff.[7]

State Farm removed the action to this Court on December 26, 2025, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[8] On January 13, 2026, Plaintiff filed the instant motion to remand.[9] State Farm filed an opposition to the motion on February 6, 2026.[10] Plaintiff filed a reply brief in further support of the motion to remand on February 9, 2026.[11]

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of Remand*

Plaintiff argues that the case should be remanded because State Farm's removal was untimely, and the amount in controversy does not exceed $75,000.[12] Plaintiff submits that State Farm was served with the state court Petition on June 26, 2025.[13] Thus, Plaintiff appears to suggest that removal by State Farm on December 26, 2025, more than 30 days after being served with the Petition, was untimely.[14] Further, Plaintiff asserts the amount in controversy does not

---

[5] *Id.* at 4.

[6] *Id.* at 5.

[7] *Id.* at 4.

[8] Rec. Doc. 1.

[9] Rec. Doc. 4.

[10] Rec. Doc. 8.

[11] Rec. Doc. 9.

[12] Rec. Doc. 4.

[13] Rec. Doc. 4-1 at 1,

[14] *Id.*

exceed $75,000, because Plaintiff has settled all claims against other parties, therefore the remaining amount in controversy "is the State Farm $50,000 Uninsured/Underinsured motorist policy."[15] Accordingly, Plaintiff argues that State Farm has not met its burden to establish that this Court has jurisdiction, and the case should be remanded to state court.[16]

### B.    State Farm's Arguments in Opposition to Remand

In opposition, State Farm asserts that removal was timely, and that the amount in controversy exceeded $75,000 at the time of removal.[17] State Farm contends that it complied with the 30-day period of time for removal.[18] Specifically, State Farm avers that it received Plaintiff's responses to State Farm's Requests for Admission on December 15, 2025, wherein Plaintiff admitted that his claims exceeded $75,000.[19] State Farm asserts that it then filed the Notice of Removal on December 26, 2025, within 30 days of receiving Plaintiff's responses.[20]

Turning to the amount in controversy, State Farm refers to Plaintiff's responses to State Farm's Requests for Admission wherein Plaintiff admits that his claims exceed $75,000, as proof that the amount in controversy is met.[21] Further, State Farm points out that Plaintiff has not provided the Court with any evidence that his "claims against Johnny Vo had been dismissed and/or resolved at the time State Farm" removed the case.[22] Moreover, State Farm submits that

---

[15] *Id.* at 2.

[16] *Id.*

[17] Rec. Doc. 8.

[18] *Id.* at 4.

[19] *Id.* at 2.

[20] *Id.*

[21] *Id.* at 3.

[22] *Id.* at 3–4.

at the time of removal, no pleadings had been filed in the state court record reflecting the dismissal of Plaintiff's claims against any party, specifically Johnny Vo.[23] Therefore, State Farm argues that it has established diversity jurisdiction, and the Motion to Remand should be denied.[24]

**C.      *Plaintiff's Arguments in Further Support of Remand***

In reply, Plaintiff contends that Johnny Vo is a citizen of Louisiana, thus removal was improper because State Farm fails to show diversity of citizenship.[25] Further, Plaintiff asserts that "the only claims left in this matter now that Plaintiff has filed a Motion to Dismiss Johnny Vo, would be those against State Farm" as the uninsured motorist carrier of Plaintiff.[26] In support, Plaintiff offers the declaration page from his policy with State Farm, indicating that uninsured motorist coverage policy limit is $50,000 per person.[27] Thus, Plaintiff contends that the amount in controversy is now limited to, at most, $50,000.[28] Accordingly, Plaintiff argues that this matter should be remanded to state court.[29]

### III. Legal Standard

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[30] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over "all civil actions where the

---

[23] *Id.* at 4.

[24] *Id.*

[25] Rec. Doc. 9.

[26] *Id.* at 1.

[27] Rec. Doc. 9-1.

[28] Rec. Doc. 9 at 2.

[29] *Id.*

[30] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."[31] The removing party bears the burden of demonstrating that federal jurisdiction exists.[32] To determine whether jurisdiction is present for removal, the Court must "consider the claims in the state court petition as they existed at the time of removal," and "[a]ny ambiguities are construed against removal."[33] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[34] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[35] On a motion to remand, in particular, the removing party bears the burden of establishing the citizenship of relevant parties for the purpose of demonstrating complete diversity.[36]

### IV. Analysis

Plaintiff contends that the case should be remanded because: (1) removal was untimely; (2) State Farm has not established that the amount in controversy exceeded $75,000 at the time of removal; and (3) there is not complete diversity amongst the parties. The Court addresses each argument in turn.

---

[31] 28 U.S.C. § 1332.

[32] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[33] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[34] *Id.*

[35] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[36] *Jeanmarie v. Indian Harbor Ins. Co.*, 603 F. Supp. 3d 364, 369 (E.D. La. 2022) (citing *Deep Marine Tech., Inc. v. Conmaco/Rector, LP*, 515 F. Supp. 2d 760, 768 (S.D. Tex. 2007)).

### A.       *Timeliness*

In general, a defendant must file a notice of removal in the district court within 30 days after receipt of the state court pleading that sets forth a removable claim.[37] However, in a case where removal is not based upon an initial pleading, a defendant may file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[38]

Plaintiff argues that this matter was removable based on the initial pleading. A review of the initial pleadings shows that it was not facially apparent from the state court petition that this matter was removable. "The thirty-day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[39] Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim.[40] The Petition alleges damages for past, present, and future medical expenses; past, present, and future mental anguish; past, present, and future pain and suffering; loss of enjoyment of life; and loss of earning capacity. In such cases where a plaintiff's physical injuries are pled with little specificity courts have found the jurisdictional amount was not facially apparent.[41] On the basis of Plaintiff's allegations, the Court concludes it was not

---

[37] 28 U.S.C. § 1446(b).

[38] 28 U.S.C. § 1446(b)(3).

[39] *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992).

[40] La. Code Civ. Proc. Ann. art. 893.

[41] *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 851 (5th Cir. 1999).

facially apparent that the amount of damages would exceed $75,000. Thus, State Farm could not have ascertained that the amount in controversy exceeded $75,000 at the time the Petition was filed.

On December 12, 2025, State Farm served Plaintiff with its Requests for Admission.[42] On December 15, 2025, Plaintiff served State Farm with his responses to the Requests for Admission.[43] In the responses, Plaintiff denied that his claims against State Farm exceed $75,000, admitted that his claims against Johnny Vo exceed $75,000, and admitted that the total amount in controversy exceeded $75,000.[44] On December 26, 2025, ten days after State Farm was served with Plaintiff's responses, State Farm removed the case to this Court.[45] It was not until Plaintiff responded to State Farm's Requests for Admission that State Farm was able to ascertain that this case is removable, based on Plaintiff's admission that the amount in controversy exceeds $75,000. Because, State Farm removed the case ten days after receiving Plaintiff's responses (within the 30-day timeframe afforded by 28 U.S.C. § 1446(b)(3)) removal was timely.

**B.      *Amount in Controversy***

Turning to the amount in controversy at the time of removal, Plaintiff argues that State Farm has not established that the amount in controversy exceeded $75,000 at the time of removal. "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[46] "The jurisdictional facts that support removal

---

[42] Rec. Doc. 1-2.

[43] Rec. Doc. 1-3.

[44] *Id.*

[45] Rec. Doc. 1.

[46] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Civ. Code 893).

must be judged *at the time of the removal*."[47]

Plaintiff asserts that he settled the claims against Johnny Vo, therefore the remaining amount in controversy is the State Farm $50,000 uninsured motorist policy. However, Plaintiff does not specify when he settled his claims against Johny Vo or provide any evidence that said settlement exists. If this alleged settlement did occur the timing is paramount because "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."[48] In other words, if the alleged settlement occurred after removal, it would not divest the Court of subject matter jurisdiction.

The only evidence before the Court regarding the total amount in controversy is Plaintiff's admission on December 15, 2025, that it exceeds $75,000. Therefore, State Farm has met its burden of establishing that the amount in controversy exceeded $75,000 at the time of removal.

## C.    *Diversity of Citizenship*

Turning to the diversity of parties, Plaintiff asserts that there is not complete diversity of citizenship because both Plaintiff and Defendant Johnny Vo are citizens of Louisiana. State Farm does not dispute that Plaintiff is a citizen of Louisiana. In the notice of removal, State Farm alleges that Johnny Vo is citizen of Texas. The only information State Farm relies on to support this assertion is the Petition, wherein Plaintiff alleged that Johnny Vo was "residing in Harris County, Texas."[49]

For the purposes of diversity jurisdiction, citizenship of a natural person is determined by

---

[47] *Id.* (emphasis added).

[48] *Id.* at 883.

[49] Rec. Doc. 1 at 5 (citing Rec. Doc. 1-1 at 4).

an individual's domicile.[50] The Fifth Circuit has held that "domicile is established by physical presence in a location coupled with an intent to remain there indefinitely."[51] Moreover, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."[52] On a motion to remand, the removing party bears the burden of establishing the citizenship of relevant parties for the purpose of demonstrating complete diversity.[53]

The only evidence State Farm cites to support its assertion that Johnny Vo is a citizen of Texas is the Petition, which states that Johnny Vo is "a person of full age and majority, and currently residing in the County of Harris, State of Texas."[54] "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[55] State Farm has not presented any information to show that Defendant Johnny Vo is domiciled in Texas. State Farm has not responded to Plaintiff's assertion that the parties are not diverse because both Plaintiff and Defendant Johnny Vo are citizens of Louisiana. As the removing party, State Farm has failed to meet its burden of proving that there is complete diversity of citizenship.

Accordingly,

---

[50] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

[51] *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010).

[52] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citations and quotations omitted).

[53] *Jeanmarie*, 603 F. Supp. 3d at 369 (citing *Deep Marine Tech., Inc.*, 515 F. Supp. 2d at 768).

[54] Rec. Doc. 1 at 5 (citing Rec. Doc. 1-1 at 4).

[55] *Mas*, 489 F.2d at 1399.

 **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[56] is **GRANTED**. The above-captioned matter is remanded to the 29th Judicial District Court for the Parish of St. Charles.

 **NEW ORLEANS, LOUISIANA**, this __23rd__ day of April, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[56] Rec. Doc. 4.